Taliaferro, J.
The defendant is sued on a draft accepted by him, drawn by E. M. Sturgess to his own order for the sum of $1250, payable thirty days after date. The defendant excepted to plaintiff’s action on the ground that he is not the owner of the instrument sued *636 upon, no indorsement appearing upon the draft passing the legal title, which exception, being overruled, the defendant answered that he signed the draft as accommodation accepter; that to the knowledge of plaintiff Sturgess never had any funds in the hands of defendant, and that he was never indebted to him in any amount. He further pleads that if he had at any time been liable on his acceptance he was released by the plaintiff’s laches iñ granting indulgence and time to Sturgess, the principal debtor, and failing to have the draft protested at maturity, and to give notice to the defendant; and also by failing to make demand on Sturgess, the principal debtor. Judgment was rendered in favor of the plaintiff for the amount claimed, and the defendant appealed.
The defense is without much weight. The defendant, as accepter, was primarily bound; no notice of protest was necessary to ñx his liability either as surety or accepter. The testimony shows that a loan of money was made by Puller to Sturgess, and that this draft was drawn upon and accepted by Leonard to enable Sturgess to get the money he wanted from Puller, who, to the defendant’s knowledge, would not have loaned the money without security, and that he rested upon the defendant’s acceptance as securing the amount loaned to Sturgess. Under no aspect of the case could the defense be availing.
It is therefore ordered that the judgment of the lower court be affirmed with costs.
Eehearing refused.